UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY A. WHITE,
                                    Petitioner,

             v.                                          9:07-CV-1175
                                                         (FJS/GHL)
JAMES CONWAY,
*Superintendent, Attica Correctional Facility*,
                                    Respondent.

_____

APPEARANCES:                              OF COUNSEL:

OFFICE OF DONALD M. THOMPSON, P.C.        DONALD M. THOMPSON, ESQ.
Counsel for Petitioner
16 West Main Street, Suite 243
Rochester, NY 14614


OFFICE OF THE ATTORNEY GENERAL           ASHLYN DANNELLY, ESQ.
  OF THE STATE OF NEW YORK               THOMAS B. LITSKY, ESQ.
Counsel for Respondent                   Assistant Attorneys General
120 Broadway
New York, New York 10271


GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER

Counsel for Petitioner Gregory A. White, a New York State prison inmate, has commenced

this proceeding pursuant to 28 U.S.C. § 2254, claiming that Petitioner's conviction was the product

of various constitutional violations.  In his petition, Petitioner sets forth numerous grounds for

requesting habeas relief, including challenging certain evidentiary rulings of the trial court, the

sufficiency of the evidence against him, and the propriety of the sentence imposed by the trial court.

In his answer to the petition, Respondent has both challenged its timeliness and argued that

none of the grounds cited in the petition provides a basis for granting habeas relief.  Because the

petition is untimely, and Petitioner has offered no basis to excuse his late filing, I recommend that

the petition be dismissed on this procedural ground, and therefore I have not addressed the merits of the petition.

## I.     BACKGROUND

In 1995, Petitioner engaged in various sexual acts with his then 10 and 13-year old step-daughters.  State Court Records, Ex. D at 1125-38, 1420-29, 1432, 1495-1503.  Petitioner forced both victims to engage in oral sexual conduct and had sexual intercourse with the 13-year old victim while playing Petitioner's version of a game of "Truth or Dare" in his home.  *Id.*  In 1999, Petitioner was charged with committing rape in the first degree, rape in the second degree, three counts of sodomy in the first degree, and sodomy in the second degree.  *Id.* at 6-8.  Following a jury trial in Madison County Court, Petitioner was found guilty of the charges.  *Id.* at 2071-74.

### A.     State Court Proceedings

The Appellate Division, Third Department, affirmed Petitioner's convictions.  *People v. White*, 27 A.D.3d 884 (2006).  The Court of Appeals denied Petitioner leave to appeal on June 22, 2006.  Dkt. No. 1 at 2; *see also People v. White*, 7 N.Y.3d 764 (2006).

Petitioner has not commenced any other state court proceedings directly or collaterally challenging his conviction.

### B.     Proceedings in this Court

The petition was filed by Petitioner's counsel on September 21, 2007.[1]  In his petition, Petitioner alleges that the trial court erred (1) in denying Petitioner's motion for suppression of statements; (2) in denying Petitioner's motion to dismiss the indictment; (3) in denying Petitioner's

---

[1]  The petition was filed in the Western District of New York.  Dkt. No. 3.  The petition then was transferred to this District.  Dkt. No. 2.

2

speedy trial motion; (4) in unduly restricting cross-examination of prosecution witnesses; (5) by precluding Petitioner from presenting witness testimony; (6) in refusing to instruct the jury pursuant to New York Criminal Procedure Law § 710.70; and (7) in refusing to instruct the jury as to "prompt outcry."  Dkt. No. 1, Ex. C.  Petitioner also alleges that (1) the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence; (2) the cumulative effect of all errors denied Petitioner a fair trial; and (3) the sentence imposed was harsh and excessive.  *Id.*

On October 31, 2008, Respondent, represented by the New York State Attorney General, submitted an answer to the petition as well as a memorandum in opposition to the petition.  Dkt. No. 11, 12.  Accompanying these documents were state court records that have been filed under seal in view of the nature of the underlying prosecution.

On May 29, 2009, Petitioner's counsel responded by filing a reply memorandum.  Dkt. No. 16.

The petition, which is now fully briefed and ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

## II.  DISCUSSION

A.    **Statute of Limitations**

In his answer to the petition, Respondent asserts that the petition is untimely and asks that it be dismissed on this procedural ground.  Dkt. No. 11 at ¶ 6.  In his supporting memorandum, Respondent asserts that the petition was not filed within the governing one-year period provided under federal statute and that the record discloses no basis to conclude either that Petitioner is

eligible for equitable tolling or that he has advanced a credible claim of actual innocence that could potentially override the untimeliness of the petition.  Dkt. No. 12 at 22-23.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996 and established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  *Id.* at § 2244(d)(1)(A).  Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which the petitioner bases the habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence).  28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner does not allege any basis for the application of 28 U.S.C. § 2244(d)(1)(B)-(D).  Therefore, the one-year statute of limitations runs from the date his judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(A).

In this instance, Petitioner's conviction became final ninety days after the June 22, 2006 denial of his application for leave to appeal, or on September 20, 2006.  Since Petitioner did not file any intervening state court proceedings collaterally challenging his conviction, he is not entitled to any intermediate tolling, which would otherwise apply during the pendency of such a proceeding. *See Adeline v. Stinson*, 206 F.3d 249 (2d Cir. 2000).  Petitioner's time for filing a petition under section 2254 therefore expired on September 20, 2007.  Thus, the petition, which was filed on September 21, 2007, is untimely.

4

However, counsel argues that the Court should apply the prison mailbox rule and consider the petition filed as of September 14, 2007,[2] which is the date that Petitioner signed the petition and gave it to prison officials for mailing back to counsel.  Dkt. No. 16 at 26-30.

Under the prison mailbox rule, a prisoner appearing *pro se* satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified.  *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), *cert. denied* 534 U.S. 886 (2001) (citation omitted).  This provision was extended to habeas corpus petitions.  *Id.* at 98.  This rule is "justified by the litigant's dependence on the prison mail system **and lack of counsel** to assure timely filing with the court." *Id.* at 97 (citation omitted) (emphasis added).  However, this provision is inapplicable in the present case because Petitioner was represented by counsel.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing the prison mailbox rule by holding that notice of appeal was filed at the time the ***pro se*** petitioner delivered it to the prison authorities for forwarding to the court clerk); *Noble*, 246 F.3d at 97; *Luck v. Phillips*, No. 9:04-CV-1001, 2008 WL 907322, at *5 n.6 (N.D.N.Y. Mar. 31, 2008) (Kahn, J.) (adopting report-recommendation of Bianchini, M.J., in which it was noted that the petitioner was not entitled to the benefit of the mailbox rule because he was represented by counsel) (citing *Houston*, 487 U.S. at 270).  Thus, the petition is untimely and is subject to dismissal absent Petitioner's eligibility for one of the limited exceptions or tolling provisions applicable to the one-year statute of limitations.[3]

---

[2]  In his memorandum, counsel referred to "2008."  Dkt. No. 16 at 27.  The Court will assume that the reference to 2008 was a typographical error.

[3]  To the extent that Petitioner's counsel appears to argue that the petition was filed within the allotted time and provides several citations to cases, counsel fails to explain how these cases support his argument.  Dkt. No. 16 at 26-28.  Moreover, the Court has reviewed these cases and finds them unpersuasive.

**B.    Equitable Tolling**

One of the recognized exceptions warranting the court's consideration of the merits of an otherwise untimely petition is equitable tolling.  "In 'rare and exceptional circumstances' a petitioner may invoke the court's power to equitably toll the limitations period" imposed under the AEDPA. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004), *cert. denied*, 546 U.S. 961 (2005) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) (citing *Smith*).  Under this narrow exception, the AEDPA statute of limitations may properly be equitably tolled where a petitioner has diligently pursued his or her rights, but has been prevented by "extraordinary circumstances" from filing a petition.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Menefee*, 391 F.3d at 154.  "To merit application of equitable tolling, the petitioner must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time."  *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (internal quotation and citation omitted), *cert. denied*, 535 U.S. 1017 (2002); *see also Warren*, 219 F.3d at 113 (citing *Smith*); *West v. Hamill*, No. 04-CV-2393, 2005 WL 1861735, at *1 (E.D.N.Y. Aug. 1, 2005) (citing *Smith*).

Here, Petitioner's counsel states that he mailed the petition to Petitioner on September 12, 2007.[4]  Dkt. No. 16 at 27; Dkt. No. 16-2 at 5.  Petitioner states that he signed the petition, and returned it to a correctional officer, on September 14, 2007.  Dkt. No. 16-1 at 1.  Petitioner's counsel states that he did not receive the petition until September 21, 2007,[5] due to an unusual delay

---

[4]  *See* footnote 2.

[5]  *See* footnote 2.

6

in the "mailing practices" of the correctional facility in which Petitioner was incarcerated, Attica Correctional Facility ("Attica C.F."). Dkt. No. 16 at 27.  Counsel characterizes this delay as "unanticipated, uncharacteristic, virtually unprecedented, and substantially longer than the normal and customary one-day mailing period for similar papers mailed from [Attica C.F.]" *Id.*

The Court cannot conclude that an alleged one-week lapse in time between the date that Petitioner signed the petition and the date that counsel received the petition is an extraordinary circumstance warranting tolling.[6]  Even assuming the existence of an "unusual delay" in the mailing system that was beyond the control of Petitioner's counsel, Petitioner's counsel could have avoided such problems by mailing the petition earlier or by personally bringing the petition to Petitioner for his signature well before the deadline.  *See Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) ("While the inefficiencies of the United States Postal Service may be a circumstance beyond [the petitioner's] control, the problem was one that [petitioner's] counsel could have avoided by mailing the [28 U.S.C. § 2255] motion earlier or by using a private delivery service or even a private courier.").[7]

Moreover, the fact that the petition was filed only one day late is not itself a basis for equitable tolling.  *Richard v. Rock*, No. 9:08-CV-145, 2009 WL 383762, at *7 (N.D.N.Y. Feb. 10,

---

[6]  I note that a one-week lapse in *receiving* mail in prison does not rise to the level of an "extraordinary circumstance."  *See Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009) (seven-day delay in receiving notice of state court order denying petitioner leave to appeal did not constitute "extraordinary circumstance" warranting equitable tolling of AEDPA limitations period), *cert. denied*, No. 10-5850, 2011 WL 55824 (U.S. Jan. 10, 2011).

[7]  *See also Brooks v. Olivarez*, No. C 98-134, 1998 WL 474160, at *2 (N.D.Cal. Aug. 5, 1998) ("Congress gave prisoners one year to get to federal court after their convictions became final. . . . *That one year gives the prisoner plenty of time to get to federal court and leaves room for the inevitable delays in mail*, unpredictable lockdowns, as well as interruptions in research and writing time common in prison.") (emphasis added).

2009) (Hurd, J.) (adopting Report-Recommendation of Bianchini, M.J. in which "the fact that the [habeas petition] was only one day late is not itself a basis for equitable tolling.") (citing *Smith v. Conway*, No. 07 Civ. 7174, 2008 WL 2531194, at *3 (S.D.N.Y. June 24, 2008) (fact that petition was filed only two days late is not itself a basis for equitable tolling); *United States v. Locke*, 471 U.S. 84, 101 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.") (concerning mining claims); *Carlisle v. United States*, 517 U.S. 416, 430 (1996) (holding that defendant that moved one day late for judgment of acquittal was procedurally barred)). Accordingly, I find no basis to recommend that the court resort to equitable tolling in order to entertain the merits of the untimely petition.  *See Dillon v. Conway*, No. 07-CV-10728, 2008 WL 2971986, at *2 (S.D.N.Y. Aug. 4, 2008) (holding petition untimely where petitioner's counsel filed petition one-day late; noting that while "petitioner's attorney worked diligently for him and was acting as his agent when he mistakenly calculated the ninety-day period . . . petitioner must bear the risk of the untimely submission of his habeas petition.")

## C.    **Actual Innocence**

Another potentially available exception to the one-year statute of limitations involves claims of actual innocence.  The Second Circuit has not yet staked out a formal position regarding whether the United States Constitution requires that an "actual innocence" exception be engrafted into the AEDPA's statute of limitations.  *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003); *Warren v. Artus*, Nos. 9:05 CV 1032, 2007 WL 1017112, at *9 (N.D.N.Y. Mar. 30, 2007) (Kahn, D.J. & Peebles, M.J.).  That court has nonetheless directed that district courts consider actual

innocence before dismissing a habeas petition as untimely.  *Id.*; *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004).

A showing of actual innocence requires more than merely arguing that the jury's finding of guilt is against the weight of the evidence; to establish actual innocence, a petitioner must present "new reliable evidence that was not presented at trial and show that it is more likely than not that no reasonable juror would have found [him or her] guilty beyond a reasonable doubt.  *Whitley*, 317 F.3d at 2257; *see also Medina v. McGinnis*, No. 04 Civ 26, 2004 WL2088578, *27 (S.D.N.Y. Sept. 20, 2004).  Here, Petitioner has failed to come forward with any new evidence that would provide support for a claim of actual innocence.  Moreover, the evidence of guilt adduced at trial was plentiful.

Weighing the evidence, the Third Department found ample evidence to support the jury's verdict.  *White*, 27 A.D.3d at 887.  The evidence included the testimony of the victims and Petitioner's admissions.  Given these circumstances, I am unable to conclude that Petitioner has established a credible claim of actual innocence sufficient to excuse the untimeliness of his petition.

**D.      Certificate of Appealability**

In order for a petitioner to appeal a final order denying habeas relief by a state prisoner, a district or circuit judge must issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1) (A); *see also* Fed. R.App. P. 22(b) ("unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)", an appeal may not be taken from the denial of a habeas petitioner under section 2254).  A COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

In a case such as this, where dismissal of a petition is based on a procedural ground, a

petitioner is eligible for a COA upon a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Bethea v. Girdich*, 293 F.3d 577, 577-78 (2d Cir. 2002).  As can be seen, this standard is comprised of two components, one of which is directed to the constitutional claims set forth in the petition, while the other focuses upon the basis for the court's procedural holding.  *Id.*

In this case, the petition was untimely.  Moreover, Petitioner has failed to demonstrate that he should be excused from the applicable statute of limitations on the basis of equitable tolling or actual innocence.  Accordingly, I recommend against the issuance of a COA in this case.

**WHEREFORE,** it is hereby

**RECOMMENDED** that the petition in this matter be **DISMISSED** as untimely; and it is further

**RECOMMENDED** that a certificate of appealability not be issued with respect to the claims set forth in the petition.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), and 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir.1993).

Dated: January 18, 2011
      Syracuse, New York

George H. Lowe
United States Magistrate Judge