UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY A. WHITE,

                              Petitioner,

            v.                                  9:07-CV-1175
                                                                           (FJS/TWD)
JAMES CONWAY, Superintendent,
Attica Correctional Facility,

                              Respondent.
_____

**APPEARANCES**                               **OF COUNSEL**

**THE OFFICE OF DONALD M.**         **DONALD M. THOMPSON, ESQ.**
**THOMPSON, PC**
The Powers Building
16 West Main Street, Suite 243
Rochester, New York 14614
Attorneys for Petitioner

**OFFICE OF NEW YORK STATE**       **THOMAS B. LITSKY, AAG**
**ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## ORDER

      On September 21, 2007, Petitioner commenced this proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction was the product of various constitutional violations. In his petition, Petitioner set forth numerous grounds for relief, including challenges to certain evidentiary rulings, the sufficiency of the evidence against him, and the propriety of the sentence that the trial court imposed. *See* Dkt. No. 1. Respondent challenged the petition as untimely, as

well as on the merits.  *See* Dkt. No. 12.

In a Report-Recommendation & Order dated January 18, 2011, Magistrate Judge Lowe recommended that the Court dismiss the petition as untimely because Petitioner filed it one-day late and because Petitioner offered no basis to excuse his late filing.  *See* Dkt. No. 17.  In a Memorandum-Decision and Order dated March 31, 2011, this Court accepted Magistrate Judge Lowe's January 18, 2011 Report-Recommendation and Order in its entirety, denied and dismissed Petitioner's petition for a writ of habeas corpus, and ordered that no Certificate of Appealability would issue with respect to any of Petitioner's claims.  *See* Dkt. No. 20 at 42.  Petitioner appealed.  *See* Dkt. No. 22.

On appeal, Petitioner, through counsel, argued that "there are also facts in this case, if developed during the hearing petitioner requested, that would support a finding that [P]etitioner diligently pursued his rights."  *White v. Conway*, No. 11-1362, Dkt. No. 31-2 (2d Cir. May 13, 2011).  Subsequently, Petitioner filed a *pro se* addendum with the Second Circuit.  *See White v. Conway*, No. 11-1362, Dkt. No. 42-1 (2d Cir. July 12, 2011).  In that addendum, Petitioner asserted that his petition was one day late because his attorney had misunderstood when it was due and delayed filing it.

While Petitioner's appeal was pending, the Second Circuit issued its decision in *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011), the case that Petitioner had raised in his supplemental objections to Magistrate Judge Lowe's Report-Recommendation & Order.

On August 23, 2011, the Second Circuit issued a mandate remanding this case to this Court.  In that mandate, the Second Circuit stated that

> [Petitioner] argues that equitable tolling of the AEDPA statute of

> limitations is appropriate because, inter alia, [his] counsel agreed to file the petition early; indeed completed the petition early; yet forced [him] to entrust his appeal to the vagaries of the mail by insisting on waiting for [his] unneeded signature to arrive by mail. [Petitioner] notes that if he had filed the petition pro se, it would have been deemed timely filed under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1980).
>
> In light of this Court's decision in *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011), we remand to the district court for reconsideration of [Petitioner's] entitlement to equitable tolling and for any necessary additional factfinding.

*See* Dkt. No. 26 at 2.

Although Petitioner listed this Court's treatment of the merits of his petition as one ground for his appeal and Respondent's brief mentioned several times that this Court had reached the merits of the case, the Second Circuit did not address the fact that this Court's had dismissed the petition on its merits.

After the remand, Petitioner, through counsel, requested that "additional factfinding be conducted through a hearing scheduled . . . at which the [P]etitioner will offer testimony and exhibits relevant to the Court's determination concerning the application of equitable tolling." *See* Dkt. No. 29 at 1.  On January 5, 2012, Magistrate Judge Lowe conducted a telephone conference, during which he requested that counsel submit letter-briefs discussing whether this Court needed to conduct an evidentiary hearing in order to comply with the Second Circuit's mandate.  *See* Text Minute Entry dated January 5, 2012.  The parties submitted the requested letter-briefs.  *See* Dkt. Nos. 34-36.  In an Order and Report-Recommendation dated April 3, 2012, Magistrate Judge Dancks recommended that this Court conclude that Petitioner was entitled to equitable tolling to excuse the untimeliness of his petition and that this Court deny and

dismiss the petition on the merits for the reasons that this Court had stated in its March 31, 2011 Memorandum-Decision and Order. *See* Dkt. No. 38 at 12.

Currently before the Court are the parties' objections to Magistrate Judge Dancks' recommendations. Specifically, Petitioner objects to Magistrate Judge Dancks' recommendation that the Court should dismiss his petition on the merits. *See generally* Dkt. No. 39. Defendant objects to Magistrate Judge Dancks' recommendation that this Court conclude that Petitioner was entitled to equitable tolling. *See* Dkt. No. 40 at 1-2.

In his objections, Petitioner raises substantially the same arguments that he previously raised in his memorandum of law in support of his petition. The Court thoroughly addressed those arguments in its March 31, 2011 Memorandum-Decision and Order. *See* Dkt. No. 14-41. Petitioner has not raised any additional arguments that would cause the Court to reach a conclusion different than the one that it previously reached. Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' recommendation that the Court find that Petitioner is entitled to equitable tolling under *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011) (per curiam) is **ACCEPTED** for the reasons stated in her April 3, 2012 Order and Report-Recommendation; and the Court further

**ORDERS** that Petitioner's petition is **DENIED and DISMISSED on the merits** for the reasons stated in this Court's March 31, 2011 Memorandum-Decision and Order; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims.

**IT IS SO ORDERED.**

Dated: April 24, 2012
       Syracuse, New York

                                                Frederick J. Scullin, Jr.
                                                Senior United States District Court Judge